Citation Nr: 1456917 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 12-15 060 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Des Moines, Iowa


THE ISSUE

Entitlement to service connection for bilateral hearing loss.


REPRESENTATION

Veteran represented by: Military Order of the Purple Heart of the U.S.A.


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

C. Kedem, Counsel


INTRODUCTION

The Veteran served on active duty from September 1966 to June 1970.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an April 2011 rating decision by which the Department of Veterans Affairs (VA) Regional Office (RO) denied, in pertinent part, entitlement to service connection for bilateral hearing loss.

In January 2013, the Veteran testified at a hearing before the undersigned Acting Veterans Law Judge (AVLJ) by video teleconference. A transcript of the hearing is of record.


FINDING OF FACT

The Veteran's bilateral hearing loss was not incurred in service or for many years thereafter, and it is not shown to be otherwise related to service.


CONCLUSION OF LAW

The criteria for service connection for bilateral hearing loss are not met under any potential theory of entitlement. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 1137, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.385 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

Veterans Claims Assistance Act of 2000 (VCAA) 

As provided for by VCAA, VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2014). 

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his or her representative, if any, of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). Proper notice from VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide in accordance with 38 C.F.R. § 3.159(b)(1). This notice must be provided prior to an initial unfavorable decision on a claim by the agency of original jurisdiction (AOJ), in this case the RO. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004). 

In Dingess v. Nicholson, 19 Vet. App. 473 (2006), the United States Court of Appeals for Veterans Claims (Court) held that, upon receipt of an application for a service-connection claim, 38 U.S.C. § 5103(a) and 38 C.F.R. § 3.159(b) require VA to review the information and the evidence presented with the claim and to provide the claimant with notice of what information and evidence not previously provided, if any, will assist in substantiating, or is necessary to substantiate, each of the five elements of the claim, including notice of what is required to establish service connection and that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded. 

Here, the VCAA duty to notify was satisfied by way of a letter sent to the Veteran in October 2010. The October 2010 letter fully addressed all three notice elements as well as the type of information mandated by the Court in Dingess.

Furthermore, VA has a duty to assist the Veteran in the development of the claim. This duty includes assisting the Veteran in the procurement of service treatment records (STRs) and pertinent treatment records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. 

The Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran. Bernard v. Brown, 4 Vet. App. 384 (1993). The RO has obtained the STRs and arranged for a comprehensive VA audiologic examination. The Board concludes that the VA examination was adequate because it was based on objective testing, a review of the record, and statements of the Veteran. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (holding that when VA undertakes to provide an examination or obtain an opinion, it must ensure that the examination or opinion is adequate). At the January 2013 hearing, the Veteran indicated that his employer conducted routine hearing tests. The undersigned AVLJ agreed to hold the record open to allow the Veteran an opportunity to obtain those records and submit them to VA. To date, some two years later, the Veteran has not provided copies of employment-related hearing tests, and he has not sought VA's assistance in obtaining those records by identifying his employer's contact information and submitting a signed release. Thus, these hearing test results are not part of the record. The record also contains the Veteran's written statements, a written lay statement, as well as the January 2013 hearing testimony. 

Significantly, neither the Veteran nor his representative has identified, and the record does not otherwise indicate, any additional existing evidence that is necessary for a fair adjudication of the claim that has not been obtained. Hence, no further notice or assistance to the Veteran is required to fulfill VA's duty to assist the Veteran in the development of the claims. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); see also Quartuccio v. Principi, 16 Vet. App. 183 (2002).

Finally, the undersigned AVLJ complied with the due process requirements articulated in 38 C.F.R. § 3.103(c). Bryant v. Shinseki, 23 Vet. App. 488 (2010). At the January 2013 videoconference hearing, the Veteran presented testimony as to why he thought his claimed bilateral hearing loss was related to service (noise exposure on a flight deck of an aircraft carrier for an extended period), showing that he had actual knowledge of the evidence needed to substantiate his claim. Dalton v. Nicholson, 21 Vet. App. 23, 30-31 (2007). The AVLJ asked him about his previous hearing tests and regarding what, if any, comments he received during audiologic testing. 

Standard of Review 

After the evidence has been assembled, it is the Board's responsibility to evaluate the entire record. 38 U.S.C.A. § 7104(a) (West 2024). When there is an approximate balance of evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102 (reasonable doubt to be resolved in veteran's favor). In Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990), the Court stated that "a veteran need only demonstrate that there is an 'approximate balance of positive and negative evidence' in order to prevail." To deny a claim on its merits, the preponderance of the evidence must be against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert, 1 Vet. App. at 54.

Law and Regulations 

Service connection will be granted if it is shown the Veteran suffers from disability resulting from an injury sustained or a disease contracted in the line of duty during 
active military service, or for aggravation during service of a pre-existing condition beyond its natural progression. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a).

That an injury occurred in service alone is not enough; there must be chronic (i.e., permanent) disability resulting from that injury. If there is no showing of a resulting chronic condition during service, or this is legitimately questionable, then a showing of continuity of symptomatology after service is required to support a finding of chronicity and the claim. 38 C.F.R. § 3.303(b). The United States Court of Appeals for the Federal Circuit (Federal Circuit) has clarified, however, that this notion of continuity of symptomatology as an alternative means of showing chronicity of disease or injury in service to alternatively link the currently claimed disability to service only pertains to chronic diseases listed in 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Although Walker indicated that hearing loss in general is not one of the conditions identified by § 3.309(a) and chronic, per se, so generally not subject to this continuity of symptomatology pleading and proof exception, VA accepts that a particular type of hearing loss - namely, sensorineural hearing loss - is covered by this VA regulation as an organic disease of the nervous system. The Veterans Benefits Administration's (VBA's) M21-1MR has a section titled "Determining Impaired Hearing as a Disability," which includes the following note: 
"Sensorineural hearing loss is considered an organic disease of the nervous system and is subject to presumptive service connection under 38 CFR 3.309(a)." M21-1MR III.iv.4.B.12.a. The VA Manual has the force and effect of a VA regulation. The Board notes that cardiovascular renal disease, including hypertension, is a "chronic disease" under 38 C.F.R. § 3.309(a) and service connection for it, therefore, is available for it with a showing of continuity of symptomatology. Walker, supra. 

Furthermore, as an organic disease of the nervous system, sensorineural hearing loss also may be presumed to have been incurred in service if manifested to a compensable degree (meaning to at least 10-percent disabling) within one year 
of separation from service. As stated, hypertension is too a "chronic disease" under 38 C.F.R. § 3.309(a) and may be presumed to have been incurred in service if manifested to a compensable degree within one year of service separation. The "chronic disease" presumption is rebuttable by affirmative evidence to the contrary, however. 38 U.S.C.A. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309(a).

Thus, service connection may be established either by showing direct service incurrence or aggravation or by using any applicable presumptions. See generally Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994).

Service connection is permissible for any disease diagnosed after discharge, when the evidence, including that pertinent to service, establishes the disease was incurred in service. 38 C.F.R. § 3.303(d).

In sum, to establish entitlement to service connection, the following must be shown: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a 
relevant disease or an injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

As specifically concerning claims of entitlement to service connection for hearing loss, the threshold for normal hearing is from zero to 20 decibels, and higher threshold levels indicate some degree of hearing loss. Hensley v. Brown, 5 Vet. App. 155, 157 (1993) (citing Current Medical Diagnosis & Treatment, Stephen A. Schroeder, et. al. eds., at 110-11 (1988)). According to VA standards, however, 
impaired hearing only will be considered to be an actual ratable disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of these frequencies are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

For service connection, it is not required that a hearing loss disability by these standards of 38 C.F.R. § 3.385 be demonstrated during service, or even within the 
one-year presumptive period following discharge, although a hearing loss disability by these standards of § 3.385 must be currently present to have a ratable disability. If there is current ratable hearing loss disability, then service connection is possible if this current disability can be adequately linked to the Veteran's military service 
as opposed to other unrelated factors. Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). Service connection for hearing loss may be granted where there is competent and credible evidence of acoustic trauma due to significant noise exposure in service, post-service audiometric findings meeting regulatory requirements for hearing loss disability for VA purposes (i.e., 38 C.F.R. § 3.385), and a medically sound basis upon which to attribute the post-service findings to the injury in service, as opposed to intercurrent causes. Hensley, 5 Vet. App. at 159.

Moreover, service department audiometric readings prior to October 31, 1967, must be converted from American Standards Association (ASA) to the standards set by the International Standards Organization (ISO)-American National Standards Institute (ANSI). This is done by adding 15, 10, 10, 10 and 5 dB to the observed result for 500, 1000, 2000, 3000 and 4000 Hz.

In deciding this claim, the Board has reviewed all of the evidence in the Veteran's claims file, both his physical claims file and electronic ("Virtual VA") file. Although the Board has an obligation to provide adequate reasons and bases supporting this decision, there is no requirement that the evidence submitted by him or obtained on his behalf be discussed in detail, certainly not exhaustive detail. Rather, the Board's analysis below will focus specifically on what evidence is needed to substantiate the claim and what the evidence in the claims file shows, or fails to show, with respect to the claim. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000); Timberlake v. Gober, 14 Vet. App. 122, 128-30 (2000).

Discussion 

The Veteran contends that he suffers from bilateral hearing loss due to noise exposure while stationed on a flight deck of an aircraft carrier. The Board does not dispute the nature of the Veteran's service to include the acoustic trauma sustained therein. He also argues, as apparent from the May 2012 VA Form 9, that there was "marked degradation" of his hearing during service, as hearing tests on entry and separation revealed decreased hearing. The foregoing is an inaccurate statement. 

On enlistment examination in June 1966, audiometric results were as follows:

Hertz
500
1000
2000
3000
4000
Right Ear
0
0
0
0
0
Left Ear
0
0
0
0
0

When converting the results to ISO-ANSI standards, the results were as follows:

Hertz
500
1000
2000
3000
4000
Right Ear
15
10
10
10
5
Left Ear
10
10
10
10
5

On separation examination in May 1970, audiometric results were as follows:

Hertz
500
1000
2000
3000
4000
Right Ear
10
5
5
10
5
Left Ear
20
10
0
10
10

As apparent from the foregoing, there was no major change in the Veteran's hearing during service. Indeed, some of the thresholds showed improved hearing.

The Veteran testified that he did not notice any hearing loss in service and that he did not recall hearing loss in the period following separation. He testified that his post-service employer tested hearing regularly, but he did not supply any information regarding the results. He testified that following service people told him that his hearing was bad, and he provided a January 2013 letter from his brother indicating that he noticed that the Veteran's hearing was worse after service separation. The Veteran did not seek any treatment for hearing loss, however, and outside of his job, his hearing was first tested on VA examination in February 2011.

The Veteran currently suffers from bilateral hearing loss as defined by VA regulations as evident from the February 2011 VA examination report, which contains the only evidence of hearing loss of record. On examination, audiometric results were as follows:

Hertz
500
1000
2000
3000
4000
Right Ear
10
10
15
15
50
Left Ear
5
15
15
15
45

Speech recognition under the Maryland CNC was 96 percent in the right ear and 98 percent in the left ear.

The examiner diagnosed mild bilateral sensorineural hearing loss and indicated that no follow-up treatment was necessary. The examiner opined that the current bilateral hearing loss was unrelated to service because hearing was normal on separation. Normally, that rationale would not be sufficient. Hensley, supra. However, coupled with the Veteran's own report that he did not notice hearing loss in the period following service and the fact that there was no objective evidence of hearing loss until the examination date, more than 40 years after the conclusion of service, the Board finds that the examiner's oversight is cured. See, e.g., Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000) (the passage of many years between discharge from active service and the medical documentation of a claimed disability is one factor that tends to weigh against a claim for service connection). In any event, the Board finds no authority for the proposition that it cannot employ common sense. 

Because bilateral hearing loss was not present in service, service connection based on in-service incurrence is not possible. 38 C.F.R. § 3.303(a). Furthermore, the Veteran indicated that he did not notice hearing loss immediately after service. While it is not clear when hearing loss within the meaning of VA regulations first manifested, there is no objective evidence of any hearing loss until February 2011. Thus, the Board finds that service connection for bilateral hearing loss cannot be granted based on continuity of symptomatology. 38 C.F.R. § 3.303(b). 

Similarly, service connection for bilateral sensorineural hearing loss cannot be granted on a presumptive basis because there is no evidence of hearing loss within the first post-service year. 38 C.F.R. §§ 3.307, 3.309(a). The Board emphasizes that hearing loss was not shown by objective measures until February 2011. Furthermore, the Board cannot rely on the lay statements regarding the presence of hearing loss soon after service because hearing loss for VA purposes can only be established by the use of specialized equipment operated by qualified professionals, and there is no indication that the lay observers mentioned herein had the requisite training or equipment to show the presence of hearing loss as defined by VA regulations. Indeed, as a general matter, a layperson is not capable of opining on matters requiring medical knowledge. 38 C.F.R. § 3.159(a)(2); see also Routen v. Brown, 10 Vet. App. 183, 186 (1997) ("a layperson is generally not capable of opining on matters requiring medical knowledge").

Finally, as reflected on VA examination, there is no evidence showing that the current mild bilateral sensorineural hearing loss is otherwise related to service, and service connection under 38 C.F.R. § 3.303(d) is precluded. 

In sum, because the preponderance of the competent evidence is against the claim, service connection for bilateral hearing loss is denied. 38 U.S.C.A. § 5107; 38 C.F.R. §§ 3.102; Alemany, supra. 


ORDER

Service connection for bilateral hearing loss is denied.



____________________________________________
KELLI A. KORDICH
Acting Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs